**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **BYRON SHANNON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:26-cv-00260** |
| | ) | **Judge Trauger** |
| **DARON HALL, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM OPINION AND ORDER

Byron Shannon, an inmate in the custody of the Davidson County Sheriff's Office (DCSO), filed a pro se civil rights complaint (Doc. No. 1) and applied for leave to proceed in forma pauperis (IFP) (Doc. Nos. 13, 14.) Although the plaintiff's IFP applications do not meet the requirements of the pauper statute because they do not include an account custodian's certification of his inmate trust account balance, *see* 28 U.S.C. § 1915(a)(2), the plaintiff has explained that the custodian declined to certify his account balance because of his imminent release from custody, stating that he is his "own custodian." (Doc. No. 12.) In view of these and other circumstances of this case, the court will take up the plaintiff's IFP applications despite their non-compliance with the pauper statute.

The case is now before the court for consideration of the plaintiff's pauper status and for initial review of the Complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

## I. PAUPER STATUS

Subject to certain statutory requirements, *see* 28 U.S.C. § 1915(a)(1)–(2), (g), a prisoner bringing a civil action may be permitted to proceed as a pauper, without prepaying the $405 filing

fee. The plaintiff's IFP applications, while not compliant with all statutory requirements, substantially demonstrate that his funds on account are insufficient to prepay the entire filing fee. (*See* Doc. No. 14 at 4.) His most recent IFP application (Doc. No. 14) is therefore provisionally **GRANTED**. The plaintiff's older IFP application (Doc. No. 13) is **DENIED** as moot.

Prisoners bringing civil lawsuits are in all events "required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Where the prisoner proceeds IFP, the fee is $350 instead of $405, *see id.* § 1914(a)–(b) & Dist. Ct. Misc. Fee Schedule, provision 14 (eff. Dec. 1, 2023), and may be paid in installments over time via an assessment against his inmate trust account. *Id.* § 1915(b)(1)–(2).

Accordingly, the plaintiff is **ASSESSED** a $350 filing fee. The fee will be collected in installments as described below.

The warden of the facility in which the plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this order to the warden of the facility in which the plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this order follows the plaintiff to his new

place of confinement, for continued compliance with the order. All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

A. Legal Standard

In cases filed by prisoners, the court must conduct an initial screening and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint" or any portion of it is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; *see also* 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Complaint states a claim upon which relief may be granted, the court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A viable claim is stated under 42 U.S.C. § 1983 if the Complaint plausibly alleges (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The court must afford the pro se Complaint a

liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to the plaintiff. *Inner City*, *supra*.

B. Analysis of the Complaint

The plaintiff alleges that, in June 2025, the food he was served at the DCSO "[wa]s being spit in, feces [put] in it [and] sperm." (Doc. No. 1 at 5, 6.) He claims that he was sexually harassed by Officer Al Rubeal Zakaria and "multiple" other officers, who communicated their desire to perform oral sex on the plaintiff and to "put[] sperm in [his] food." (*Id.* at 6.) The plaintiff alleges he has lost weight as a consequence of these events. (*Id.*) In addition to sexual harassment, he asserts claims of false arrest, violation of due process, and cruel and unusual punishment. (*Id.* at 4.) The defendants named in the Complaint are Davidson County Sheriff Daron Hall; Davidson County Criminal Court Judge Steve Dozier; Beverly P. Sharpe, the Director of Consumer Assistance for the Tennessee Board of Professional Responsibility; Judge G. Andrew Brigham, Chairman of the Tennessee Board of Judicial Conduct; and Martesha Johnson, Director of the Nashville Public Defender Office. (*Id.* at 2.)

In an attachment to the Complaint, the plaintiff explains that he names state judges as defendants because he was "railroaded" in criminal court when his court-appointed public defender waived his right to be present for preliminary hearing in General Sessions Court. (Doc. No. 1-1.) He submits a handmade chart containing multiple allegations of officers contaminating his food, as well as various scandalous charges against Judge Dozier, who allegedly "admitted to railroading hundreds of people," is "a war criminal and a drug smuggler," and is directing DCSO staff "to take [and] destroy" the plaintiff's mail. (*Id.* at 9.) Judge Dozier is also accused of directing another inmate to put boric acid in the plaintiff's food; of bribing, extorting, or coercing officials including Beverly Sharpe, Sheriff Hall and his deputy sheriffs, and the public defender and district

attorney offices; and of conspiring with the Governor of the State of Tennessee and myriad other public officials to have the plaintiff killed because of his unrequited love for the plaintiff. (*Id.* at 10, 13–23, 26–32.) The plaintiff then explains his false arrest claim by alleging (1) that the arresting officers charged him with aggravated assault, strangulation, and intent to kill when a misdemeanor charge of simple assault was all that was warranted, and (2) that the officers "admitted to receiving a bribe from Lt. Governor Deloise to lock [him] up under false pretenses." (*Id.* at 24.)

Upon review of the plaintiff's allegations and claims, the court finds that the Complaint fails to state a nonfrivolous ground for relief and is therefore subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i). "A suit may be dismissed as frivolous only when the plaintiff fails to present any claim with an arguable or rational basis in law or fact." *Huey v. Raymond*, 53 F. App'x 329, 330 (6th Cir. 2002) (citing, *e.g.*, *Neitzke v. Williams*, 490 U.S. 319, 325, 327–28 (1989)). Claims that are legally frivolous "include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist," while claims that are factually frivolous present "fantastic or delusional scenarios." *Id.* The latter type of frivolity is evident here.

Courts presented with factual allegations that are clearly baseless have the "discretion to refuse to accept without question the truth of [such] allegations." *Id.* at 331 (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)). In the case before the court, the factual scenario presented by the plaintiff is simply untenable and cannot be accepted as true. The gravamen of the Complaint—that the plaintiff is the target of a widespread criminal conspiracy and bribery scheme among judges and other high-ranking state officials, and that his jailers have repeatedly expressed their desire to perform sexual acts on him and have contaminated his food with bodily fluids,

waste, and boric acid—is plainly delusional[1] and factually frivolous. These allegations are insufficient to support any plausible constitutional claims against any of the defendants named in the Complaint. In short, the plaintiff's failure to present any claim with an arguable or rational basis in fact justifies dismissal of this action as frivolous. *Huey*, 53 F. App'x at 330.

## III. CONCLUSION

For the above reasons, this case is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment under Fed. R. Civ. P. 58(b)(1) and close the file.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge

[1] In a supplemental pleading that broadly repeats the allegations of the Complaint, the plaintiff states that he is "a mental health individual who takes and receives medication for mental defects and did not understand or remember[] why he was being prosecuted or charged with a crime that he never committed and therefore … was railroaded." (Doc. No. 8 at 1.)